**Alisa K. RAINES, et. al, Plaintiffs–Appellants,**

**v.**

**FEDERAL EMERGENCY MANAGEMENT AGENCY, Defendant,**

and **Board of Commissioners, of Lawrence County, Ohio; Dr. Carl Baker, DVM; George Patterson; Bruce Trent; Terry Null; and Karen Matney–Simmons, Defendants–Appellees.**

No. 01–3240.

United States Court of Appeals, Sixth Circuit.

Aug. 15, 2002.

Before KRUPANSKY and COLE, Circuit Judges; and DUGGAN,* District Judge.

DUGGAN, District Judge.

Plaintiffs–Appellants ("Plaintiffs") appeal a grant of summary judgment in favor of Defendants–Appellees ("Defendants"), asserting that the Magistrate Judge erred in granting summary judgment by ruling that: 1) Plaintiffs did not suffer a "taking;" 2) Defendants are immune from liability by virtue of Ohio Revised Code Chapter 2744; and 3) Plaintiffs are not able to utilize the "special duty exception" to the public duty rule. For the reasons set forth below, we affirm the rulings of the Magistrate Judge.

## Background

With the passage of the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.*, Congress authorized the creation and implementation of the National Flood Insurance Program ("NFIP"), a federally-subsidized program which provides flood insurance. The Federal Emergency Management Agency ("FEMA") is authorized to establish and carry out the NFIP. 42 U.S.C. § 4001(a).

As a condition of participating in the NFIP, on or about September 26, 1989, the Defendant County Commissioners attempted to adopt and implement a local ordinance, commonly known as the Lawrence County Flood Damage Prevention Regulation ("LCFDPR"). However, contrary to OHIO REV. CODE § 307.37, the County Commissioners did not properly schedule, publicize and conduct two requisite public hearings prior to adoption of the 1989 LCFDPR. On advice of legal counsel, the County Commissioners later conducted the required hearings and then "re-adopted" the LCFDPR on or about October 12, 1993.

Nineteen [1] of the Plaintiffs constructed residential, agricultural, or commercial structures between September 26, 1989, and October 12, 1993. These Plaintiffs were later advised that they were in violation of the 1989 LCFDPR for failing to obtain a development permit.

Marshall Smith, a Lawrence County resident not a party to this case, challenged the 1989 LCFDPR in the Court of Common Pleas of Lawrence County Ohio. In January of 2000, the Board of Commissioners sent letters to the Plaintiffs advising them that the Court of Common Pleas had ruled that the 1989 LCFDPR had not been properly adopted, and therefore was unenforceable by the County. The letters advised Plaintiffs that if they had received "any prior correspondence regarding those regulations and enforcement of those regulations, this decision will stop any enforcement of those regulations." It is also undisputed that the County has not taken any action against the Plaintiffs to enforce the October, 1993 LCFDPR.

On May 14, 1998, Plaintiffs filed suit against the Lawrence County Board of Commissioners and individual members of the Board of Commissioners (collectively

---

*The Honorable Patrick J. Duggan, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The three remaining Plaintiffs constructed residential, agricultural or commercial structures after October 12, 1995, but not later than May of 1995.

referred to as the "Board of Commissioners")[2] essentially raising two claims: 1) that Defendants' failure to properly implement the requirements of the NFIP deprived Plaintiffs of substantially all of the value of their property resulting in a "taking" of their property without compensation in violation of the United States Constitution; and 2) that Plaintiffs were damaged by the negligence of Defendants in failing to properly adopt and implement the regulations and requirements of the NFIP in violation of Ohio Common Law, and because of a "special duty" owed to Plaintiffs, Defendants cannot avail themselves of the defense of sovereign immunity.

With respect to their takings claim, Plaintiffs claim that as a result of Defendants' failure to properly enact and enforce floodplain regulations, Plaintiffs constructed or improved structures on their property without knowing that these structures were not in compliance with NFIP requirements. As a result of Plaintiffs' structures not being in compliance with the NFIP, Plaintiffs face certain consequences under the NFIP, including: 1) those Plaintiffs who do not have flood insurance are not eligible for subsidized flood insurance, and must purchase such insurance at actuarial rates; and 2) without flood insurance, Plaintiffs cannot secure loans or refinance current loans secured by their property by a federally regulated lending institution. Plaintiffs assert that these consequences work to deprive them of all or substantially all of the value of their property.

On February 1, 2001, Magistrate Judge Timothy Hogan[3] granted a motion for summary judgment brought by Defendants and dismissed Plaintiffs' claims against Defendants.

*Standard of Review*

We review a grant of summary judgment *de novo. Logan v. Denny's, Inc.,* 259 F.3d 558, 566 (6th Cir.2001). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

## Discussion

I. *Appellants Did Not Suffer "A Taking"*

█ We agree that the Plaintiffs have failed to demonstrate that the Board of Commissioners' actions in this case constitute a taking without just compensation.

The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. "The Supreme Court has recognized two categories of takings: physical takings and regulatory takings." *Waste Mgmt., Inc. v. Metropolitan Gov't of Nashville & Davidson County,* 130 F.3d 731, 737 (6th Cir. 1997) (citations omitted).

A physical taking occurs where the government physically intrudes upon a plaintiff's property, or allows others to do so. *Id.; Loretto v. Teleprompter Manhattan*

---

2. Claims against the Federal Emergency Management Agency ("FEMA") were also asserted. However, on or about January 7, 1999, the claims against FEMA were dismissed pursuant to FED. R. CIV. P. 12(b)(6), and Plaintiffs have not appealed FEMA's dismissal from this action.

3. On August 21, 1998, the district court entered an order that upon consent of the parties this case would be referred to Magistrate Judge Hogan for final disposition.

*CATV Corp.*, 458 U.S. 419, 426, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982). The Plaintiffs in this case have not alleged a physical taking, as they have not alleged any physical intrusion upon their land.

"[A] land use regulation constitutes a taking if the ordinance 'does not substantially advance legitimate state interests or denies an owner economically viable use of his land.'" *Loreto Dev. Co., Inc. v. Village of Chardon*, 149 F.3d 1183 (6th Cir.1998) (citing *Agins v. City of Tiburon*, 447 U.S. 255, 260, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980)). Plaintiffs fail to assert a regulatory taking claim against Defendants, as Plaintiffs have not asserted that any regulation adopted by Defendants has caused them harm. Rather, Plaintiffs contend that it was Defendants' *failure* to adopt or implement regulations which ultimately caused them harm.[4] While the Plaintiffs may have been harmed by the Defendants' failure to adopt or implement appropriate regulations, such conduct does not constitute a "taking" in violation of the United States Constitution.

II. *Sovereign Immunity & The Special Duty Exception*

 Magistrate Judge Hogan also ruled that Defendants are entitled to sovereign immunity from Plaintiffs' tort claims pursuant to Ohio's Political Subdivision Tort Liability Act, OHIO REV. CODE § 2744 *et seq.*[5] Plaintiffs contend that ruling was in error because they can avoid the application of the Act via the "special duty exception" to the "public duty rule."

Magistrate Judge Hogan concluded that even if the special duty exception was not abrogated by the Act, Plaintiffs failed to satisfy the requirements for the application of the special duty exception. We agree that even if the special duty exception was not abrogated by the Act, that exception would not apply to Plaintiffs for the reasons stated in the Magistrate Judge's well-reasoned opinion.

### Conclusion

For the reasons set forth above, we **AFFIRM**.

---

4. Plaintiffs state that they "are not challenging the NFIP as a violation of the Takings Clause. It was not [Defendants'] decision to enter into the NFIP which caused harm to [Plaintiffs.] Rather, it was their deliberate and intentional failure to properly implement the NFIP in Lawrence County which resulted in the taking complained herein" (Pls.' Final Br. at 31).

5. We note that Ohio Rev.Code Ann. § 2744.03(A), Ohio's sovereign immunity statute, provides immunity with respect to suits for damages against a political subdivision, but does not provide immunity with respect to suits for declaratory relief. In Plaintiffs' complaint, they did seek declaratory relief in Count II, and sought "a Declaratory Judgment that the LCFDPR adopted on September 26, 1989 is invalid and unenforceable and therefore, those Plaintiffs who constructed their building between September 26, 1989 and October 12, 1993 are not in violation of the [1989] LCFDPR." (Apx. at 0026 & 0031). However, after the filing of Plaintiffs' complaint, the Court of Common Pleas of Lawrence County Ohio ruled that the 1989 LCFDPR had not been properly adopted and was therefore unenforceable. As such, Plaintiffs' claim for declaratory relief, although not barred by virtue of the sovereign immunity statute, is now moot.